Donald W. AYER, Jr., Plaintiff,

v.

The UNITED STATES of America, Defendant.

Civ. No. 86–0206–B.

United States District Court,
D. Maine.

Oct. 17, 1989.

Phillip Buckley, Bangor, Me., for plaintiff.

Michael Dubose, Asst. U.S. Atty., Bangor, Me., for defendant.

MEMORANDUM AND ORDER

VAN SICKLE, District Judge, sitting by designation.

Plaintiff seeks to recover damages for injuries recieved in a fall while on a tour of

a United States Air Force missile capsule. The working floor of the facility ended about three feet short of the wall of the capsule, and there was no guard rail across the opening. Plaintiff stepped into the opening and fell some six or eight feet to the floor of the capsule. He has grounded his action on the Federal Tort Claims Act, (FTCA) (28 U.S.C., Section 2671, *et seq.*) Specifically, he claims the government is liable due to its failure to maintain the facility in a reasonably safe condition, its failure to properly warn him of the danger and its negligence in designing the facility in a manner that allowed the accident to occur. The United States has moved for summary judgment, claiming that the "discretionary functions exception" contained in the FTCA bars recovery on the failure to maintain and the negligent design theories, and that the plaintiff has failed to show evidence to rebut its evidence of adequate warnings.

■ The FTCA waived sovereign immunity from suit for certain specified torts of federal employees. The "discretionary functions exception" to the FTCA is found in 28 U.S.C., Section 2680, which reads:

The provisions of this chapter and section 1346(b) of this title shall not apply to—

(a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

The definition of "discretionary function" has given the courts a great deal of trouble. (See *Gleason v. U.S.*, 857 F.2d 1208 (8th Cir.1988), and the cases cited therein.) However, this court feels that the recent decision by the U.S. Supreme Court, *Boyle v. United Technologies Corp.*, — U.S. ——, 108 S.Ct. 2510, 101 L.Ed.2d 442 (1988) is the most compelling on this case, both because of the similarity in the fact situation and because it is the latest discussion of the matter.

In *Boyle*, the Supreme Court held that the decision as to how to design the escape hatches in a helicopter was a discretionary function. Certainly, if the design of a helicopter is discretionary, so must be the design of a missile system. Sovereign immunity bars the granting of relief on the claim of negligent faulty design.

The facility was designed with a gap in the floor next to the wall, and with no guardrail. It is alleged that maintaining the facility in this manner subjects the United States to liability. There is no claim that the facility had not been built and maintained in accordance with the design. In fact, the same deficiencies alleged to be design deficiencies are alleged to be the result of maintainance. Surely, if there is immunity for designing the facility, so must there be immunity for constructing and maintaining it in accordance with that design.

■ The claim based on a failure to warn falls into a different category, implicating questions of fact rather than statutory interpretation. When deciding a motion for summary judgment on facts those facts must be viewed in the light most favorable to the party opposing the motion, but where the moving party has met its initial burden of production with credible evidence that would entitle it to a directed verdict, summary judgment is appropriate unless the opposing party produces evidence in contravention. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In assessing whether the nonmoving party has come forward with specific facts to demonstrate a genuine issue of fact, the Supreme Court has said that there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). As the Court in *Anderson* pointed out; "Rule 56(e) pro-

vides that when a properly supported motion for summary judgment is made, the adverse party" must set forth specific facts showing that there is a genuine issue for trial. *Anderson, id.* 106 S.Ct. at 2511. The reviewing court's main concern should be whether the evidence submitted presents a sufficient disagreement as to the material facts so that submission to a jury is required, or whether it is so one-sided that one party must prevail as a matter of law.

Here, defendant has furnished the court with evidence that safety briefings were given. (Affidavit of William B. Dalton, Deposition of Peter S. Washburn). Plaintiff's only contravention of this fact is the statement that "I recall no specific warnings being given". His counsel does not argue that this means that he specifically remembers that no warnings were given, but contends that Ayers "was aware of no warnings". Thus, here we have the government presenting positive evidence that warnings were given, and the plaintiff merely stating that he is unaware of that fact. The *Anderson* doctrine requires affirmative evidence refuting the proffered evidence of the movant to defeat a motion for summary judgment. Plaintiff having failed to show that he has positive evidence on the question of warnings, defendant is entitled to summary judgment on that issue also.

Accordingly, IT IS ORDERED THAT: THE MOTION BY THE UNITED STATES FOR SUMMARY JUDGMENT IS GRANTED AND THE ACTION AND COMPLAINT ARE HEREBY DISMISSED WITH PREJUDICE TO THE BRINGING OF ANOTHER ACTION OR ACTIONS ON THE SAME CAUSE OR CAUSES.